IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILLIP FRANCIS GRAZIDE,** ) | 1:07-cv-00735-LJO WMW HC |
| ) | |
| Petitioner, ) | **ORDER DIRECTING CLERK** |
| ) | **OF COURT TO CORRECT** |
| vs. ) | **RESPONDENT** |
| ) | |
| ) | **ORDER DIRECTING** |
| **PEOPLE OF STATE OF CALIFORNIA,** ) | **PETITION TO INFORM** |
| ) | **COURT HOW HE WISHES TO** |
| Respondent. ) | **PROCEED IN CASE** |
| ) | |
| ) | **Response due in thirty days** |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the

petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

In this case, petitioner names the People of the State of California.  Petitioner is incarcerated at High Desert State Prison.  Tom Felker is the warden of that institution.  Accordingly, the Clerk of the Court is HEREBY DIRECTED to correct the named respondent in this case to Tom Felker, Warden.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

In the present petition, Petitioner raises a total of eleven claims.  Petitioner states in his petition that of these, only claims one and two have been presented to the California Supreme Court.  Claims three through eleven have never been presented to the California Supreme Court and therefore, are unexhausted.  The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  <u>Rose</u>, 455 U.S. at 521-22, 102 S.Ct. at 1205; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir.1988).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act.  Pub.L. No 104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C).  The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For example, these claims could have been presented in a Petition for Writ of Habeas Corpus.  <u>See</u>, Cal. Penal Code §§ 1473 - 1475.  Finally, there are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.  Therefore, because the petition for writ of habeas corpus currently before this court contains both exhausted and unexhausted claims, it must be dismissed. <u>See</u>, <u>Rose</u>, 455 U.S. at 521-22, 102 S.Ct. at 1205; <u>Gordon</u>, 107 F.3d at 760; <u>Guizar</u> 843 F.2d at 372.

Pursuant to Ninth Circuit holdings, a petitioner should be given the option of withdrawing his unexhausted claims and proceeding in federal court with those claims that are exhausted. <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988)*, citing*, <u>Rose v. Lundy</u>, 455 U.S. 510, 520 (1982).  However, should Petitioner abandon his unexhausted claims, any

later attempt to amend the petition to include newly exhausted claims may be subject to an abuse of the writ challenge.  See McCleskey v. Zant, 111 S.Ct. 1454 (1991); Rose v. Lundy, 455 U.S. 455 U.S. 510, 520-521 (1982); see also, Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available grounds for relief in a single petition may be abuse of the writ).  Should the Petitioner fail to withdraw the unexhausted claims or withdraw the Petition, the petition will be dismissed. Rose, 455 U.S. at 519; Guizar, 843 F.2d at 372.  This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995).  However, Petitioner should bear in mind that 28 U.S.C. § 2244(d) sets out a critical one-year limitations period within which a federal habeas petition may be filed.  In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review.  See, id.  Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

The Court HEREBY ORDERS:

1. Petitioner is GRANTED thirty (30) days from the date of service of this order to inform the court whether he seeks to withdraw the unexhausted claims and proceed with those that are exhausted *or* withdraw the entire petition and return to state court to exhaust those claims that are unexhausted.  Petitioner's failure to respond to this order will result in the dismissal of this case.

IT IS SO ORDERED.

**Dated:    June 6, 2007**             /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE