# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FRANCIS GRAZIDE, | 1:07-cv-00735 LJO MJS (HC) |
| Petitioner, | ORDER VACATING STAY |
| v. | [Doc. 10] |
| THOMAS FELKER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 15, 2008, this Court granted Petitioner's motion to stay the instant proceeding while he returned to state court to exhaust certain claims. (Order Granting Stay, ECF No. 10.) Petitioner was instructed to file status reports every sixty days thereafter. (Id.) Petitioner filed nine status reports regarding his efforts to exhaust state remedies. (Status Reports, ECF Nos. 11-14, 17, 19-20, 22-23.)

On July 1, 2010, Petitioner filed his final status report indicating that all state remedies have been exhausted. (Status Report of June 28, 2010, ECF No. 23.) Therefore, the Court will vacate the stay of the instant proceeding.

However, it remains unclear as to whether Petitioner has in fact exhausted all state remedies. According to him, the claims were presented to the California Superior Court,

1 County of Inyo, not the California Supreme Court as this Court instructed in its order of
2 June 7, 2007. (Id.; Order, ECF No. 7.)

3 As discussed by the Supreme Court, the stay and abeyance procedure is available
4 only in limited circumstances because the procedure frustrates AEDPA's[1] objective of
5 encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544
6 U.S. 269, 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

This action has been stayed for nearly two years to allow Petitioner to exhaust several of the claims presented in his federal petition. Continuing the stay at this point would run afoul of the consideraions enumerated above and interfere with the Court's need to manage its docket. While the public policy favors disposition of cases on their merits, Petitioner has had adequate opportunity to exhaust his claims and return to federal court.

Based on the foregoing, it is HEREBY ORDERED that the stay of the instant proceeding is VACATED.

IT IS SO ORDERED.

Dated:   July 16, 2010              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.