1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11 PHILLIP FRANCIS GRAZIDE,                    )   1:07-cv-00735 MJS HC
                                              )
12                          Petitioner,        )   ORDER GRANTING RESPONDENT'S
                                              )   MOTION TO DISMISS
13                                             )
       v.                                      )   [Doc. 28]
14                                             )
                                              )
15 LELAND MCEWEN, Warden,                       )
                                              )
16                          Respondent.        )
                                              )
17 _____)

18          Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas

19 Corpus pursuant to 28 U.S.C. § 2254. Respondent, Leland McEwen, as warden of Calipatria

20 State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d)

21 of the Federal Rules of Civil Procedure.  Respondent is represented by Brian G. Smiley, Esq.

22 of the office of the Attorney General of California.

23 **I.      BACKGROUND**

24          Petitioner is currently in the custody of the California Department of Corrections

25 pursuant to a judgment of the Superior Court of California, County of Inyo, following his July

26 15, 2005 conviction for battery and inflicting corporal injury upon a cohabitant. (L.D.[1] No. 1.)

27

28          [1]"L.D." refers to documents lodged with the Court by Respondent in support of his motion to dismiss.

On August 26, 2005, the trial court sentenced Petitioner to an indeterminate prison term of twenty-five years to life. (Id.)

Petitioner thereafter appealed the conviction.  On November 20, 2006, the California Court of Appeal, Fourth Appellate District affirmed the Judgment. (L.D. No. 2.) On December 22, 2006, Petitioner filed a petition for review with the California Supreme Court.  (L.D. No. 3.) Review was summarily denied by the California Supreme Court on January 24, 2007. (L.D. No. 4.)

On May 10, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court raising eleven separate claims for relief, as follows:

1.) Fifth, Sixth, and Fourteenth Amendment rights violated by court's failure to give definition of a word essential to a finding of guilt.

2.) Right to due process of law, Fifth and Fourteenth Amendments violated  based on Evidence Code Section 1109 and Jury Instruction 2.50.2.

3.) Denied due process under Fifth and Fourteenth Amendments as the court failed to admonish the jury following prosecutor's misconduct.

4.) Fifth, Sixth and Fourteenth Amendment Rights violated by abuse of court's discretion in objecting to relevant questioning of victim.

5.) Fifth, Sixth and Fourteenth Amendment rights of due process and right to a fair trial violated by court's abuse of discretion in denying Petitioner's motion to recuse the Inyo County District Attorney.

6.) Petitioner received ineffective assistance of counsel denying him his Fifth, Sixth, and Fourteenth Amendment rights to due process, equal protection and a fair trial.

7.) The court abused its discretion in modifying jury instruction and denied defendant his right to due process and a fair trial according to the Sixth and Fourteenth Amendments to the United States Constitution.

8.) Trial court abused its discretion in denying defense request for jury instruction based upon prosecutorial misconduct, violating Fifth, Sixth and Fourteenth Amendment rights to due process, equal protection and a fair trial.

1    9.) Petitioner's rights to due process and equal protection of the law and a fair trial were

2    violated by prosecutorial misconduct.

3    10.)  Trial court misled and coerced defendant into waving trial on priors and admitting

4    to them denying him due process and a fair trial in violation of the Fifth, Sixth, and

5    Fourteenth Amendments.

6    11.)  Petitioner was denied his right to effective assistance of counsel on direct appeal

7    in violation of his fourteenth amendment right to due process.

8    (Pet. at 6-16, ECF No. 1.)

9    Petitioner's federal petition stat es that claims three through eleven were not presented

10   to the California Supreme Court. (Id. at 17.)

11   Following a preliminary review of the petition, on June 7, 2007 the Court granted

12   Petitioner thirty days to inform the Court whether he would withdraw the unexhausted claims

13   and proceed on the claims that were  exhausted, or withdraw the petition and return to state

14   court to exhaust the previously unexhausted claims. (Order Regarding Exhaustion, ECF No.

15   7.) In response, on July 6, 2007, Petitioner requested the Court stay his federal petition to

16   allow Petitioner time to exhaust his state claims. (Resp., ECF No. 9.) Over a year later, on July

17   15, 2008, the Court granted Petitioner's request and stayed the case pending exhaustion.

18   (Order Staying Case, ECF No. 10.)  According to the order, Petitioner was to provide status

19   reports every sixty says describing his efforts to exhaust his claims in state court. (Id.)

20   Petitioner provided status reports  in August 2008, October 2008, December 2008, February,

21   2009, July, 2009, February, 2010, May, 2010, and July, 2010. (Reports, ECF Nos. 11-14, 17,

22   19-20, and 22-23.) As can be seen, Petitioner did not file reports with the frequency directed,

23   and the Court twice ordered Petitioner to submit reports. (Orders to Report, ECF Nos. 16 and

24   18.)

25   Finally, on July 1, 2010, Petitioner notified the Court that he had exhausted all of his

26   state remedies. (Notice, ECF No. 23.) Based on Petitioner's assertions that his state claims

27   had been exhausted, the Court vacated the stay on July 19, 2010, and directed Respondent

28   to file a response to the Petition. (Order Vacating Stay, ECF No. 24, Order to Respond, ECF

-3-

1   No. 25.)

2       On September 20, 2010, Respondent filed a motion to dismiss claims three through

3   eleven of the petition. (Mot. To Dismiss, ECF No. 28.) In support of the motion to dismiss,

4   Respondent lodged documents with the Court showing that during the time the case was

5   stayed Petitioner only filed one post-conviction collateral action, a petition for writ of habeas

6   corpus in the Inyo County Superior Court. (L.D. No. 4.)

7       Petitioner did not file objections to the motion to dismiss.

8   **II.    DISCUSSION**

9       **A.    Procedural Grounds for Motion to Dismiss**

10      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

11  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

12  not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the

13  Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may

14  be raised by the attorney general, thus avoiding the necessity of a formal answer as to that

15  ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that

16  the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule

17  4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

18  (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules

19  Governing Section 2254 Cases and case law, the Court will review Respondent's motion for

20  dismissal pursuant to its authority under Rule 4.

21      **B.    Exhaustion of State Remedies**

22      A petitioner who is in state custody and wishes to collaterally challenge his conviction

23  by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

24  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

25  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman

26  v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982).

27      A petitioner can satisfy the exhaustion requirement by providing the highest state court

28  with a full and fair opportunity to consider each claim before presenting it to the federal court.

1  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

2  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have

3  specifically told the state court that he was raising a federal constitutional claim. Duncan, 513

4  U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904

5  (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,*" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is. Lyons, 232 F.3d at 668-669 (italics added).

22  As noted, Petitioner raises eleven claims for relief. Petitioner admitted, and a review

23  of the state court pleadings corroborate, that only claims one and two were presented to the

24  California Supreme Court at the time Petitioner filed his federal petition.  Petitioner was

25  informed by the Court in June 2007 that claims three through eleven of his federal petition

26  were unexhausted. Petitioner requested a  stay of the proceedings in July 2007 so that he

27  could return to state court and exhaust  his state remedies.  Petitioner has had over three

28  years to attempt to exhaust claims three through eleven.  He has not, however, filed anything

1   with the California Supreme Court and thus could not have exhausted those claims. Claims

2   three through eleven remain unexhausted.

3          The instant petition is a mixed petition containing exhausted and unexhausted claims.

4   Ordinarily, courts must dismiss a mixed petition without prejudice to give Petitioner an

5   opportunity to exhaust the claim if he can do so.  See Rose, 455 U.S. at 521-22; Jefferson v.

6   Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).  However, Petitioner already has had more than

7   three years time to exhaust claims three through eleven, and he failed to avail himself of the

8   opportunity during that time. The Court cannot postpone the adjudication of this case

9   indefinitely.  Since Petitioner has failed to exhaust claims three through eleven despite having

10  had ample time to do so, those claims must be dismissed.

11  **<u>ORDER</u>**

12         Accordingly, IT IS HEREBY ORDERED that:

13  1. Claims three through eleven of the Petition for Writ of Habeas Corpus are

14  DISMISSED without prejudice[2]; and

15  2. Respondent is ordered to respond to the remaining claims (claims one and two) of

16  the petition within sixty (60) days of the service of this order.

17

18  IT IS SO ORDERED.

19  Dated:      November 16, 2010            /s/ *Michael J. Seng*

20                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27       [2]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court if and after he exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition

28   on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).